GARY S. HANN, pro se
Debtor, Adversary Plaintiff

(175 Butterfield - NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

FILED
JAN - 9 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S. <br><br> Debtor. | Case No. 6:14-bk-22067-MW <br><br> Chapter 7 |
| GARY S. HANN, <br><br> PLAINTIFF, <br><br> VS. <br><br> HARVEY SCHWARTZ AND SCHWARTZ PROPERTY MANAGEMENT, <br><br> Defendants. | Adv. No. _____ <br><br> COMPLAINT TO RECOVER MONEY <br><br> (HEARING DATE TO BE SET BY SUMMONS) <br><br> JURY TRIAL DEMANDED |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES

BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

1

Now comes Debtor and Adversary Plaintiff Gary S. Hann, who demands a jury trial and who deposes and says as follows:

RECITATION OF FACTS

1. On or about June 13, 2013, Adversary Defendant Harvey Schwartz, a/k/a Schwartz Property Management (hereafter "Schwartz"), did contractually agree to rent Debtor and Adversary Plaintiff Hann (hereafter "Hann") a property at 16600 Bennett Road, Desert Hot Springs, CA.

2. Hann paid Schwartz $200, Schwartz deposited the funds, and Hann made substantial and heavily committed plans to occupy the premises at the agreed date in July, 2013.

3. The funds are listed on Schedule C, Property Claimed as Exempt.

4. Schwartz reneged on the contract to rent.

5. Schwartz refused to refund the monies.

6. In July, 2014, a Carlos Ruiz, Mediator, did contact Schwartz with Hann's demand for a refund of the said $200.

7. Schwartz again refused to refund the monies, and inferred substantial conditions prior to considering a refund.

2

8.  Carlos Ruiz noticed Hann and Schwartz that he had no further authority to effect a settlement regarding the said lease and $200 deposit.

9.  Schwartz continues to hold and retain the $200 which is a part of the Bankruptcy Estate.

10. Upon information and belief, neither Schwartz nor Schwartz Property Management hold a valid California Real Estate License.

## JURISDICTIONAL STATEMENT

11. This Court has jurisdiction pursuant to Fed.R.Bkr.P. Rule 7001(1), a proceeding to recover money.

## COUNT I – RECOVERY OF BANKRUPTCY ESTATE FUNDS ON BEHALF OF DEBTOR HANN

12. Pursuant to its statutory authority, the Bankruptcy Court has sole authority and jurisdiction over the Bankruptcy Estate, including but not limited to the $200 wrongfully held by Schwartz.

13. Schwartz has an absolute legal obligation to turn over assets of the Bankruptcy Estate to the Trustee and/or the Court.

14. Schwartz has repeatedly failed to turn over the said assets prior to or during these Proceedings, despite multiple demands from multiple sources.

15. Schwartz's knowing and intentional defiance of his obligation to return the $200 funds to its rightful owner has caused Hann great and continuing harm.

## COUNT II – WILLFUL VIOLATION OF LAWFUL CONTRACT TO RENT

16. Schwartz entered a written contract to rent California property to Hann.

17. Schwartz reneged on the said contract, contrary to contract law and to the possessory rights conferred to Hann by the State of California.

18. Schwartz's actions or inactions caused Hann to have to change substantial travel plans, to lose other deposits and monies, and other great and continuing harms.

19. Schwartz's actions were knowingly contrary to Hann's property rights and to explicit California rental contract laws, without respect to the inconvenience and harm they might cause.

RELIEF REQUESTED

20. Debtor and Adversary Plaintiff Hann hereby requests that this Honorable Court forthwith find and order that Adversary Defendant Harvey Schwartz and Schwartz Property Management:

a) Immediately remit its admittedly owed $200, plus interest and costs, to Debtor Hann.

b) Have violated Debtor Hann's possessory rights, and owe Hann compensatory damages of $2,500 and additional punitive damages of $2,500.

c) Alternatively, that it submit to a jury trial for a determination of its lawful obligations to Debtor Hann, including but not limited to actual and punitive damages.

5

Dated this 9th of January, 2015.

_____
Gary S. Hann, Debtor

FORM B104 (08/07)                                                                                  2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
GARY S. HANN

**DEFENDANTS**
HARVEY SCHWARTZ + SCHWARTZ PROPERTY MANAGEMENT

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
(NONE)

**ATTORNEYS** (If Known)
(UNKNOWN)

**PARTY** (Check One Box Only)
☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☒ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
RECOVERY OF UNLAWFULLY HELD LEASE PAYMENT + ACTION FOR DAMAGES CAUSED BY DEFENDANTS - FED. R. BKRP. RULE 7001

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property — (1)
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) — (2)

☒ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

☒ Check if a jury trial is demanded in complaint     Demand $ 5,200

Other Relief Sought

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> GARY S. HANN | **BANKRUPTCY CASE NO.** <br> 6:14-bk-22067-MW |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT OF CAL. | **DIVISIONAL OFFICE** RIVERSIDE · **NAME OF JUDGE** WALLACE |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** — | **DEFENDANT** — | **ADVERSARY PROCEEDING NO.** — |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** — | **DIVISIONAL OFFICE** — | **NAME OF JUDGE** — |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
*/s/ G S H/*

**DATE** 1/9/15

**PRINT NAME OF ATTORNEY (OR PLAINTIFF)**
GARY S. HANN

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.