GARY S. HANN, pro se
Debtor, Adversary Plaintiff
yragnnah@gmail.com
(175 Butterfield – NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

FILED
JUN 25 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S.<br><br>    Debtor.<br>_____<br>GARY S. HANN,<br>    PLAINTIFF,<br>    VS.<br>HARVEY SCHWARTZ AND SCHWARTZ PROPERTY MANAGEMENT,<br>    Defendants. | Case No. 6:14-bk-22067-MW<br><br>Chapter 7<br><br>Adv. No. 6:15-ap-01007-MW<br><br>ANSWER TO THE COURT'S ORDER TO SHOW CAUSE WHY THE ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR LACK OF STANDING<br><br>HEARING DATE: JULY 21, 2015 AT 2:00 PM<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

1

Now comes Debtor and Adversary Plaintiff Gary S. Hann, who continues to demand a jury trial and who deposes and says as follows:

RECITATION OF RELEVANT FACTS

1. The Original Petition herein was filed under Michigan law; Debtor Hann had been a recent resident of Michigan before relocating to California.

2. Debtor Hann filed this Adversary Proceeding against Harvey Schwartz and Schwartz Property Management, originally claiming $5,200, plus interest and costs. Defendants were defiant in not filing their Answer until well after the Court's deadline.

3. Should Debtor Hann's non-traditional but arguably "debtor-in-possession" claims and amended claims for over $1,200,000 in four (4) filed Adversary Complaints come to fruition, more than sufficient funds would be available to pay all Creditors in full, or to convert to a 100% Chapter 11 Proceeding.

4. Debtor Hann simply didn't realize the value, at the time of filing, of his modestly scheduled, but actually quite substantial, claims.

5. Indeed, a recovery or settlement of only about four per cent (4%) would more than satisfy all legitimate Creditors herein.

6. On Tuesday, June 23, 2015, Trustee Anderson verbally declined to pursue any of the four (4) filed Adversary Complaints.

7. Debtor Hann now asserts equitable standing as essentially an unrealized "debtor-in-possession" to recover amounts due him, and ultimately the Bankruptcy Estate, for properly scheduled, Pre-Petition civil claims for full satisfaction of all Creditors.

8. Indeed, it would seem the epitome of inequitable for the Court to allow Debtor Hann to pursue and collect claims outside the purview of the Court.

BRIEF AND ARGUMENT

9. This matter has been adjudicated under Michigan law.

10. The Sixth Circuit has traditionally held that, in bankruptcies filed under Chapter 7 or Chapter 11, a party that believes a suit should be commenced has the right to petition the bankruptcy court to compel a trustee to act or for leave to prosecute the suit in the in the interests of the estate. *William B. Tanner Co. v. United States (In re Automated Business Sys.)*, 642 F.2d 200, 201 (6th Cir. 1981).

11. Subsequently, the controlling case on this issue within the Sixth Circuit was issued by its Court of Appeals. In *Canadian Pacific Forest Products, Ltd. v. J.D. Irving, Ltd.*, 66 F.3d 1436, 1438-1446 (6th Cir. 1995)(*In re Gibson Group, Inc.*), the Court determined that Congress did not intend to confer exclusive authority to file an action on a trustee or debtor-in-possession

3

and held that a party may have derivative standing to initiate an action where:

   1) A demand has been made upon the statutorily authorized party to take action;

   2) The demand is declined;

   3) A colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court; and

   4) The inaction is an abuse of discretion ("unjustified") in light of the party's (debtor-in-possession's) duties.

   12. The Bankruptcy Appellate Panel for the Sixth Circuit has held that the United States Supreme Court's decision in *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 147 L. Ed.2d 1 (2000), is not inconsistent with the decision in *In re Gibson* and did not, therefore, overrule *In re Gibson*.

   13. The four (4) Adversary Proceedings remaining in the Bankruptcy Court for the disposition of all pretrial matters, including any dispositive motions, would (1) advance uniformity of bankruptcy administration, (2) decrease both the likelihood of confusion and the opportunity to gain an advantage by forum shopping, (3) promote the economical use of the parties' resources by limiting the bulk of the action to a single forum, and (4) facilitate the efficient administration of the debtor's estate.

4

## RELIEF REQUESTED

14. Debtor and Adversary Plaintiff Hann hereby requests that this Honorable Court:

a) Compel the Trustee to prosecute the four (4) filed Adversary Complaints; or

b) Grant leave and derivative standing to Adversary Plaintiff Gary S. Hann to prosecute the four (4) filed Adversary Complaints in the interests of the estate, and

c) Reschedule the Hearing herein for August 27, 2015 at 9AM due to Debtor Hann's longstanding, extensive out-of-state travel schedule in the summer of 2015.

## PROOF OF SERVICE

15. Today I, Gary S. Hann, served this Answer personally on Defendants Harvey Schwartz and Schwartz Property Management in Open Court, and personally on the Clerk of the Court and on the Chambers of Hon. Mark S. Wallace.

Dated this 25th of June, 2015.

_____
Gary S. Hann, Debtor

5

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 711
Cathedral City, CA 92235-0711

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO THE COURT'S ORDER TO SHOW CAUSE WHY THE ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR LACK OF STANDING

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/25/15, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HARVEY SCHWARTZ + SCHWARTZ PROPERTY MANAGEMENT, DEFENDANTS
MICHIGAN DEPT. OF TREASURY, DEFENDANT

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/25/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Clerk of the Court
The Chambers of Judge Wallace
~~Harvey Schwartz and Schwartz Property Management in Open Court~~

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/25/2015 | Gary S. Hann | /s/ Gary S. Hann |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**